IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHARLES E. LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 19-00612-CV-W-BP |
| ) | |
| BEN CARSON, ) | |
| Secretary of Housing and Urban Development, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE

Plaintiff has filed a Motion for Leave to Proceed In Forma Pauperis. The Court concludes that Plaintiff's Complaint is frivolous, so his motion, (Doc. 1), is denied and the case is dismissed.

Plaintiff's motion is governed by 28 U.S.C. § 1915. Section 1915(e) provides that a plaintiff's request to proceed without paying the filing fee should be denied – and the case should be dismissed – if the action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, Plaintiff asserts claims under the "Federal Rule[s] of Civil Procedure[,] Freedom of Information Act & Sunshine statutes[, and] the Bill of Rights" against Ben Carson, the Secretary of Housing and Urban Development. (Doc. 1-1, p. 3.)[1] He alleges that Ben Carson breached his duty to provide housing to him and murdered his nephew in an attempt to prevent Plaintiff from obtaining housing. (*Id.* at p. 4.) For relief, he seeks to "punish everyone" and "abolish the housing authority" due to its participation in racketeering, psychological "torture" and aiding in the murder of Plaintiff's nephew in an attempt to prevent Plaintiff from applying for housing. (*Id.* at p. 5.)

---

[1] All page numbers refer to the Court's CM/ECF system.

"[A] court may dismiss a claim as factually frivolous . . . if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (cleaned up). Here, Plaintiff's contention that the Secretary of Housing and Urban Development murdered Plaintiff's nephew with the purpose of preventing Plaintiff from obtaining housing is not only unlikely but also completely irrational. In addition, the legal basis for his arguments – at least with respect to the Rules of Civil Procedure, the Freedom of Information Act, and any applicable Sunshine laws – do not provide Plaintiff with a valid cause of action to pursue his claims. Thus, the Court finds that Plaintiff's claims are frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 328 (finding a claim to be frivolous if it describes "fantastic or delusional scenarios"). Under 28 U.S.C. § 1915(e)(2)(B)(i), the court shall dismiss a case filed in forma pauperis if the court determines that the action is frivolous. Thus, Plaintiff's motion to proceed in forma pauperis, (Doc. 1), is denied. The case is dismissed.

**IT IS SO ORDERED.**

Date: August 12, 2019

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT